Callie A. Castillo, WSBA No. 38214
Devon J. McCurdy, WSBA No. 52663
LANE POWELL PC
1420 Fifth Avenue, Suite 4200
P.O. Box 91302
Seattle, Washington 98111-9402
Telephone: 206.223.7000
Facsimile: 206.223.7107
castilloc@lanepowell.com
mccurdyd@lanepowell.com
Attorneys for Defendants

HONORABLE SALVADOR MENDOZA, JR.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARISSA REYES, LEAGUE OF UNITED LATIN AMERICAN CITIZENS, LATINO COMMUNITY FUND,<br><br>Plaintiffs,<br><br>v.<br><br>BRENDA CHILTON, in her official capacity as Benton County Auditor and Canvassing Review Board member, ANDY MILLER, in his official capacity as Benton County Prosecutor and Canvassing Review Board member, JEROME DELVIN, in his official capacity as Benton County Canvassing Review Board member, CHARLES ROSS, in his official capacity as Yakima County Auditor and Canvassing Review Board Member, JOSEPH BRUSIC, in his official capacity as Yakima County Prosecutor and Canvassing Review Board member, RON ANDERSON, in his official capacity as Yakima County Canvassing Review Board member, SKIP MOORE, in his official capacity as Chelan County Auditor and Canvassing Review Board Member, DOUGLAS J. SHAE, in his official capacity as Chelan County Prosecutor and Canvassing Review Board member, and BOB BUGERT, in his official capacity as Chelan County Canvassing Review Board member,<br><br>Defendants. | No. 4:21-cv-05075-SMJ<br><br>**DEFENDANTS' ANSWER TO AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

ANSWER - 1
CASE NO. 4:21-cv-05075-SMJ

132996.0004/8541918.1

# I. ANSWER

Defendants answer Plaintiffs' Complaint as follows:

1. Complaint paragraph 1 states the Plaintiffs' purported reasons for bringing this action. To the extent that any answer is required, Defendants deny that Bob Bugert is Chelan County Prosecutor and deny that Douglas Shae is a current Chelan County Canvassing Board member. To the extent an answer is required, Defendants admit that the parties listed are named as plaintiffs and defendants in this action. To the extent an answer is required, Defendants otherwise deny all other allegations.

2. Complaint Paragraph 2 states a legal conclusion for which no answer is required. To the extent that any answer is required, Defendants lack information sufficient to admit or deny the allegations in the paragraph and therefore deny it.

3. Complaint Paragraph 3 states a legal conclusion for which no answer is required. To the extent that any answer is required, Defendants lack information sufficient to admit or deny Complaint Paragraph 3's allegation that Latino voters have been denied the right to vote and deny it on that basis. Defendants deny all other allegations in Complaint Paragraph 3.

4. Defendants lack information sufficient to admit or deny the allegation in Complaint Paragraph 4 and deny it on that basis.

5. Defendants lack information sufficient to admit or deny the allegation in Complaint Paragraph 5 and deny it on that basis.

6. Defendants lack information sufficient to admit or deny the allegation in Complaint Paragraph 6 and deny it on that basis.

7. Defendants lack information sufficient to admit or deny the allegations in Complaint Paragraph 7 and deny it on that basis.

8. Defendants lack information sufficient to admit or deny the allegation

ANSWER - 2
CASE NO. 4:21-cv-05075-SMJ

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

132996.0004/8541918.1

in Complaint Paragraph 8 and deny it on that basis.

9. Defendants lack information sufficient to admit or deny the allegation in Complaint Paragraph 9 and deny it on that basis.

10. Defendants lack information sufficient to admit or deny the allegation in Complaint Paragraph 10 and deny it on that basis.

11. Defendants lack information sufficient to admit or deny the allegation in Complaint Paragraph 11 and deny it on that basis.

12. Defendants lack information sufficient to admit or deny the allegations in Complaint Paragraph 12 and deny those allegations on that basis.

13. Defendants lack information sufficient to admit or deny the allegations in Complaint Paragraph 13 and deny those allegations on that basis.

14. Defendants admit the allegation in Complaint Paragraph 14.

15. Defendants admit that RCW 29A.40.010 requires that each active registered voter of the state, overseas voter, and service voter automatically be issued a mail ballot for each general election, special election, or primary. Defendants lack information sufficient to admit or deny the phrase "under this system" in Complaint Paragraph 15, and therefore deny that portion of the allegation.

16. Defendants admit that most Washington voters vote by mail and that there are opportunities to vote in-person. Defendants lack information sufficient to admit or deny the other allegations in Complaint Paragraph 16 and deny those allegations on that basis.

17. Defendants admit that RCW 29A.40.110 provides that "[p]ersonnel shall verify the voter's signature on the ballot declaration is the same as the signature of that voter in the registration files of the county." Defendants deny Complaint Paragraph 17's allegation that the statute addresses the location of the voter's declaration and deny all other allegations in Complaint Paragraph 17.

18. Defendants admit that local election officers undertake a signature

ANSWER - 3
CASE NO. 4:21-cv-05075-SMJ

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

132996.0004/8541918.1

matching process and that a county's canvasing board or designated representatives verify that the voter's signature on the ballot declaration is the same as the signature of the voter in the registration files of the county. Defendants lack information sufficient to admit or deny all other allegations in Complaint Paragraph 18 and deny those allegations on that basis.

19. Defendants deny the allegation stated in Complaint Paragraph 19.

20. Complaint Paragraph 20 appears to paraphrase WAC 434-379-020, which regulation speaks for itself and therefore Defendants deny Plaintiffs' characterization of it. Defendants deny that a petition sheet is the "outer envelope of the ballot."

21. Complaint Paragraph 21 appears to partially quote RCW 29A.40.110(3), which statutory provision speaks for itself.

22. Complaint Paragraph 22 appears to quote WAC 434-261-050(4)(b), which regulation speaks for itself.

23. Defendants deny the allegation in Complaint Paragraph 23.

24. Defendants deny the allegation in Complaint Paragraph 24.

25. Defendants deny the allegation in Complaint Paragraph 25.

26. Defendants deny the allegation in Complaint Paragraph 26.

27. Defendants state that the allegations in Complaint Paragraph 27 set forth legal conclusions to which no response is required. To the extent that any response is required, Defendants deny that their conduct at issue is unconstitutional or in violation of the Voting Rights Act.

28. Defendants state that the allegations in Complaint Paragraph 28 state matters related to the Court's subject matter jurisdiction to which no response is required. To the extent a response is required Defendants admit that the Court has statutory jurisdiction and state they lack information sufficient to admit or deny Article III jurisdiction and therefore deny it on that basis.

ANSWER - 4
CASE NO. 4:21-cv-05075-SMJ

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

132996.0004/8541918.1

29. Defendants admit that the Court has personal jurisdiction over them and that all aside from Douglas Shae are current county officials or employees. The other allegations in Complaint Paragraph 29 states Plaintiffs' framing of the relief they seek. To the extent that any answer is required, Defendants admit that relief is sought against them in their official capacities only and deny all other allegations.

30. Defendants admit that venue is proper in this district.

31. Defendants state that the allegation in Complaint Paragraph 31 sets forth legal conclusions to which no response is required. To the extent that any response is required, Defendants deny that Plaintiffs are entitled to a declaration or injunction in this case.

32. Defendants admit that Benton County voter registration records show that Marissa Reyes is a registered voter over the age of 18. Defendants lack information sufficient to admit or deny that Plaintiff Marissa Reyes is Latino, however, they have no reason to contest that allegation.

33. Defendants lack information sufficient to admit or deny the allegation in Complaint Paragraph 33 and therefore deny it.

34. Defendants admit that Marissa Reyes's ballot was returned with a signature. Defendants lack information sufficient to admit or deny any other allegations stated in Complaint Paragraph 34 and deny those allegations on that basis.

35. Defendants admit that Marissa Reyes's ballot was challenged and rejected after she did not cure it. Defendants deny all other allegations stated in Complaint Paragraph 35.

36. Defendants admit that a letter was sent to Ms. Reyes, that she presumably received it, and that she did not cure her signature. Defendants deny all other allegations stated in Complaint Paragraph 36.

37. Defendants lack information sufficient to admit or deny the allegations

ANSWER - 5
CASE NO. 4:21-cv-05075-SMJ

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

132996.0004/8541918.1

1  in Complaint Paragraph 37 and deny those allegations on that basis.

2       38.    Defendants lack information sufficient to admit or deny the allegations
3  in Complaint Paragraph 38 and deny those allegations on that basis.

4       39.    Defendants lack information sufficient to admit or deny the allegations
5  in Complaint Paragraph 39 and deny those allegations on that basis.

6       40.    Defendants lack information sufficient to admit or deny the allegations
7  in Complaint Paragraph 40 and deny those allegations on that basis.

8       41.    Defendants lack information sufficient to admit or deny the allegations
9  in Complaint Paragraph 41 and deny those allegations on that basis.

10      42.    Defendants lack information sufficient to admit or deny the allegations
11  in Complaint Paragraph 42 and deny those allegations on that basis.

12      43.    Defendants lack information sufficient to admit or deny the allegations
13  in Complaint Paragraph 43 and deny those allegations on that basis.

14      44.    Defendants lack information sufficient to admit or deny the allegations
15  in Complaint Paragraph 44 and deny those allegations on that basis.

16      45.    Defendants lack information sufficient to admit or deny the allegations
17  in Complaint Paragraph 45 and deny those allegations on that basis.

18      46.    Defendants lack information sufficient to admit or deny the allegations
19  in Complaint Paragraph 46 and deny those allegations on that basis.

20      47.    Defendants lack information sufficient to admit or deny the allegation
21  in Complaint Paragraph 47 and deny it on that basis.

22      48.    Defendants admit the persons stated may or have been members of the
23  Benton County Canvassing Board for certain elections. Defendants lack information
24  sufficient to admit or deny the allegation "authority to determine whether a signature
25  matches the signature on file for a given voter during the ballot processing stage,"
26  due to ambiguity, and therefore deny the same. The other allegations in Complaint
27  Paragraph 48 state Plaintiffs' framing of the relief they seek. To the extent any

ANSWER - 6
CASE NO. 4:21-cv-05075-SMJ

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

132996.0004/8541918.1

1  answer is required, Defendants admit that relief is sought against them in their
2  official capacities only and deny that Plaintiffs are entitled to relief.

3        49.    Defendants admit the persons stated may or have been members of the
4  Yakima County Canvassing Board for certain elections. Defendants lack
5  information sufficient regarding the meaning of "authority to determine whether a
6  signature matches the signature on file for a given voter during the ballot processing
7  stage," and therefore deny the allegation on that basis. The other allegations in
8  Complaint Paragraph 48 state Plaintiffs' framing of the relief they seek. To the extent
9  any answer is required, Defendants admit that relief is sought against them in their
10 official capacities only and deny that Plaintiffs are entitled to relief.

11       50.    Defendants admit the persons stated may or have been members of the
12 Chelan County Canvassing Board for certain elections. Defendants lack information
13 sufficient to admit or deny the allegation "authority to determine whether a signature
14 matches the signature on file for a given voter during the ballot processing stage,"
15 due to ambiguity, and therefore deny the same. The other allegations in Complaint
16 Paragraph 48 state Plaintiffs' framing of the relief they seek. To the extent any
17 answer is required, Defendants admit that relief is sought against them in their
18 official capacities only and deny that Plaintiffs are entitled to relief.

19       51.    Defendants admit that in 2005 the State of Washington passed a law
20 that gave counties the option to conduct all elections entirely by mail ballot.
21 Defendants deny Complaint Paragraph 51's characterization of Washington's vote
22 by mail system as a "scheme." Defendants lack information sufficient to admit or
23 deny the remaining allegations in Complaint Paragraph 51 and deny those
24 allegations on that basis.

25       52.    Defendants admit that in 2011 the State of Washington passed a law
26 that required each county to automatically issue a mail ballot to each registered voter
27 of the state, overseas voter, and service voter for each election. Defendants deny that

ANSWER - 7
CASE NO. 4:21-cv-05075-SMJ

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

132996.0004/8541918.1

the legislation was enacted via Senate Bill 5142 and that the legislation replaced "the existing election infrastructure."

53. Defendants admit that most Washington voters cast their ballots by mail. Defendants lack information sufficient to admit or deny the remaining allegations in Complaint Paragraph 51 and deny those allegations on that basis.

54. Defendants admit that Chapter 29A.40 of the Revised Code of Washington is entitled "Elections by Mail" and that the chapter, along with other provisions of Title 29A of the Revised Code of Washington govern the State's elections. Defendants otherwise deny the allegations in Complaint Paragraph 54.

55. Defendants admit that RCW 29A.40.110 provides that "[e]ach active registered voter of the state, overseas voter, and service voter shall automatically be issued a mail ballot for each general election, special election, or primary."

56. Defendants admit that a voter must take certain actions after receiving a ballot if the voter chooses to vote. Defendants deny Plaintiffs' characterization of RCW 29A.40.091, which speaks for itself. Defendant deny all other allegations in Complaint Paragraph 56.

57. Defendants admit that a voter must sign a declaration in order to vote. Defendants admit that each county auditor must send each voter a ballot, a security envelope in which to conceal the ballot after voting, a larger envelope in which to return the security envelope, a declaration that the voter must sign, and certain instructions. Defendants deny the remainder of the allegations in Complaint Paragraph 57.

58. Complaint Paragraph 58 appears to be a paraphrase of RCW 29A.40.091(2), which statutory provision speaks for itself. Defendants deny the allegation to the extent the paragraph misquotes the statute.

59. Defendants deny Plaintiffs' characterization of RCW 29A.40.091, which speaks for itself.

ANSWER - 8
CASE NO. 4:21-cv-05075-SMJ

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

132996.0004/8541918.1

60. Defendants deny Plaintiffs' characterization of RCW 29A.40.110, which speaks for itself.

61. Defendants deny Plaintiffs' characterization of RCW 29A.40.110, which speaks for itself. Defendants deny the remainder of the allegations in Complaint Paragraph 61.

62. Defendants admit the allegation in Complaint Paragraph 62.

63. Defendants deny the allegation in Complaint Paragraph 63.

64. Defendants lack information sufficient to admit or deny the allegations in Complaint Paragraph 64 and deny those allegations on that basis.

65. Defendants deny Plaintiffs characterization of RCW 29A.40.110(3) to the extent they replaced "staff" for "all personnel" in the statute. The statute speaks for itself.

66. Defendants admit the allegation in Complaint Paragraph 66.

67. Complaint Paragraph 67 appears to quote WAC 434-260-320, which regulation speaks for itself.

68. Complaint Paragraph 68 appears to quote a sentence in RCW 29A.40.110(3), which provision speaks for itself.

69. Complaint Paragraph 67 appears to quote WAC 434-261-050(4)(b), which regulation speaks for itself.

70. Defendants deny Plaintiffs' characterization of WAC 434-261-050, which speaks for itself.

71. Complaint Paragraph 71 appears to partially quote WAC 434-261-050(3), which regulation speaks for itself.

72. Defendants deny Plaintiffs' characterization of WAC 434-261-050(1), which speaks for itself.

73. Defendants deny the allegations in Complaint Paragraph 73.

74. Defendants lack information sufficient to admit or deny the allegations

ANSWER - 9
CASE NO. 4:21-cv-05075-SMJ

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

132996.0004/8541918.1

in Complaint Paragraph 74 and deny those allegations on that basis.

75. Defendants deny the allegation stated in Complaint Paragraph 75.

76. Defendants admit that no two signatures are exactly the same. To the extent Complaint Paragraph 76 states any other allegation, Defendants deny it.

77. Defendants admit the allegation in Complaint Paragraph 77.

78. Defendants admit that no two signatures are exactly the same. Defendants lack information sufficient to admit or deny the other allegations in Complaint Paragraph 78 and deny those allegations on that basis.

79. Defendants lack information sufficient to admit or deny the allegation in Complaint Paragraph 79 and deny it on that basis.

80. Defendants lack information sufficient to admit or deny the allegations in Complaint Paragraph 80 and deny those allegations on that basis.

81. Defendants admit the allegation in Complaint Paragraph 81.

82. Complaint Paragraph 82 appears to paraphrase RCW 29A.40.110(3), which provision speaks for itself.

83. Complaint Paragraph 83 appears to paraphrase WAC 434-261-050(4)(a), which provision speaks for itself.

84. Defendants state that the allegations in Complaint Paragraph 84 set forth legal conclusions to which no response is required. To the extent that any response is required, Defendants admit that Title 29A of the Revised Code of Washington does not provide an express definition of the term "clearly the same." To the extent that Complaint Paragraph 84 states any other allegation, Defendants deny it.

85. Defendants deny the allegations in Complaint Paragraph 85.

86. Defendants deny the allegations in Complaint Paragraph 86.

87. Defendants deny the allegations in Complaint Paragraph 87.

88. Defendants lack information sufficient to admit or deny the Complaint

ANSWER - 10
CASE NO. 4:21-cv-05075-SMJ

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

132996.0004/8541918.1

Paragraph 88's allegation of disproportionate effect on Latino voters and deny the allegations on that basis. Defendants deny all other allegations in Complaint Paragraph 88.

89. Defendants lack information sufficient to admit or deny the allegations in Complaint Paragraph 89 and deny those allegations on that basis.

90. Defendants lack information sufficient to admit or deny the allegations in Complaint Paragraph 90 and deny those allegations on that basis.

91. Defendants lack information sufficient to admit or deny the allegation in Complaint Paragraph 91 and deny it on that basis.

92. Defendants lack information sufficient to admit or deny the allegation in Complaint Paragraph 92 and deny it on that basis.

93. Defendants lack information sufficient to admit or deny the allegation in Complaint Paragraph 93 and deny it on that basis.

94. Defendants lack information sufficient to admit or deny the allegation in Complaint Paragraph 94 and deny it on that basis.

95. Defendants lack information sufficient to admit or deny the allegation in Complaint Paragraph 95 and deny it on that basis.

96. To the extent the graph in Complaint Paragraph 96 states a discernable allegation, Defendants lack information sufficient to admit or deny the allegation and deny it on that basis.

97. Defendants lack information sufficient to admit or deny the allegation in Complaint Paragraph 97 and deny it on that basis.

98. Defendants lack information sufficient to admit or deny the allegation in Complaint Paragraph 98 and deny it on that basis.

99. Defendants lack information sufficient to admit or deny the allegation in Complaint Paragraph 99 and deny it on that basis.

100. Defendants lack information sufficient to admit or deny the allegations

ANSWER - 11
CASE NO. 4:21-cv-05075-SMJ

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

132996.0004/8541918.1

in Complaint Paragraph 100 and deny those allegations on that basis.

    101.   Defendants lack information sufficient to admit or deny the allegation in Complaint Paragraph 101 and deny it on that basis.

    102.   Defendants lack information sufficient to admit or deny the allegations in Complaint Paragraph 102 and deny those allegations on that basis.

    103.   Defendants lack information sufficient to admit or deny the allegation in Complaint Paragraph 103 and deny it on that basis.

    104.   Defendants lack information sufficient to admit or deny the allegation in Complaint Paragraph 104 and deny it on that basis.

    105.   Defendants lack information sufficient to admit or deny the allegations in Complaint Paragraph 105 and deny those allegations on that basis.

    106.   Defendants lack information sufficient to admit or deny the allegations in Complaint Paragraph 106 and deny it on that basis.

    107.   Defendants lack information sufficient to admit or deny the allegations in Complaint Paragraph 107 and deny it on that basis.

    108.   Defendants lack information sufficient to admit or deny the allegations in Complaint Paragraph 108 and deny it on that basis.

    109.   To the extent the graph in Complaint Paragraph 109 states a discernable allegation, Defendants lack information sufficient to admit or deny the allegation and deny it on that basis.

    110.   Defendants deny the allegations stated in Complaint Paragraph 110.

    111.   Defendants deny the allegations stated in Complaint Paragraph 111.

    112.   Defendants deny the allegations stated in Complaint Paragraph 112.

    113.   Defendants deny the allegation stated in Complaint Paragraph 113.

    114.   Defendants lack information sufficient to admit or deny the allegations in Complaint Paragraph 114 and deny it on that basis.

    115.   Defendants lack information sufficient to admit or deny the allegations

ANSWER - 12
CASE NO. 4:21-cv-05075-SMJ

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

132996.0004/8541918.1

in Complaint Paragraph 115 and deny those allegations on that basis.

116. Defendants lack information sufficient to admit or deny the allegation in Complaint Paragraph 116 and deny it on that basis.

117. Defendants admit that the City of Yakima and the City of Pasco have been found in violation of Section 2 of the Voting Rights Act for different election-related issues. Defendants deny the remainder of the allegation in Complaint Paragraph 117 and deny any legal significance to the City of Yakima or City of Pasco matters to the claims in this Complaint.

118. Defendants lack information sufficient to admit or deny the allegation in Complaint Paragraph 118 and deny it on that basis.

119. Defendants lack information sufficient to admit or deny the allegations in Complaint Paragraph 119 and deny those allegations on that basis.

120. Defendants deny the allegation stated in Complaint Paragraph 120.

121. Defendants lack information sufficient to admit or deny the allegations in Complaint Paragraph 121 and deny those allegations on that basis.

122. Defendants lack information sufficient to admit or deny the allegations in Complaint Paragraph 122 and deny those allegations on that basis.

123. Defendants incorporate by reference their answers to other Complaint Paragraphs.

124. Defendants lack information sufficient to admit or deny the first two sentences in Complaint Paragraph 124 and deny those allegations on that basis. Defendants deny the last sentence in Complaint Paragraph 124.

125. Defendants lack information sufficient to admit or deny the allegation in Complaint Paragraph 125 and deny it on that basis.

126. Defendants lack information sufficient to admit or deny the allegations in Complaint Paragraph 126 and deny those allegations on that basis.

127. Defendants deny the allegations in Complaint Paragraph 127.

ANSWER - 13
CASE NO. 4:21-cv-05075-SMJ

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

132996.0004/8541918.1

128. Defendants lack information sufficient to admit or deny the allegations in Complaint Paragraph 128 and deny those allegations on that basis.

129. Defendants deny the allegations in Complaint Paragraph 129.

130. Defendants incorporate by reference their answers to other Complaint Paragraphs.

131. Defendants deny the allegation stated in Complaint Paragraph 131.

132. Defendants deny the allegation stated in Complaint Paragraph 132.

133. Defendants deny the allegations stated in Complaint Paragraph 133.

134. Defendants deny the allegation stated in Complaint Paragraph 134.

135. Defendants deny the allegations stated in Complaint Paragraph 135.

136. Defendants incorporate by reference their answers to other Complaint Paragraphs.

137. Defendants deny the allegations stated in Complaint Paragraph 137.

138. Defendants deny the allegations stated in Complaint Paragraph 138.

139. Complaint Paragraph 139 alleges quotations from case opinions to which no response is required. To the extent a response is required, Defendants respectfully submit that the opinions should be read for the context in which the alleged quotations appear.

140. Defendants lack information sufficient to admit or deny the allegation of disparate burdens on Latino voters in Complaint Paragraph 140 and deny it on that basis. Defendants deny all other allegations stated in Complaint Paragraph 140.

141. Defendants incorporate by reference their answers to other Complaint Paragraphs.

142. Complaint Paragraph 142 alleges quotations from case opinions to which no response is required. To the extent a response is required, Defendants respectfully submit that the opinions should be read for the context in which the alleged quotations appear.

ANSWER - 14
CASE NO. 4:21-cv-05075-SMJ

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

132996.0004/8541918.1

143. Complaint Paragraph 143 alleges quotations from case opinions to which no response is required. To the extent a response is required, Defendants respectfully submit that the opinions should be read for the context in which the alleged quotations appear.

144. Defendants lack information sufficient to admit or deny the allegations in Complaint Paragraph 144 and deny those allegations on that basis.

145. Defendants deny the allegations stated in Complaint Paragraph 145.

146. Defendants lack information sufficient to admit or deny the allegations in Complaint Paragraph 146 and deny those allegations on that basis.

147. Defendants deny the allegations stated in Complaint Paragraph 147.

148. Defendants incorporate by reference their answers to other Complaint Paragraphs.

149. Defendants deny the allegation stated in Complaint Paragraph 149.

150. Defendants deny the allegation stated in Complaint Paragraph 150.

151. Defendants incorporate by reference their answers to other Complaint Paragraphs.

152. Complaint Paragraph 152 appears to partially quote U.S. Const. amendment XIV, § 1, which speaks for itself.

153. Defendants state that the allegations in Complaint Paragraph 153 set forth legal conclusions and quotations from case opinions to which no response is required. To the extent a response is required, Defendants respectfully submit that the opinions should be read for the context in which the alleged quotations appear and deny all other allegations stated in Complaint Paragraph 153.

154. Defendants state that the allegations in Complaint Paragraph 154 set forth legal conclusions and quotations from case opinions to which no response is required. To the extent a response is required, Defendants respectfully submit that the opinions should be read for the context in which the alleged quotations appear

ANSWER - 15
CASE NO. 4:21-cv-05075-SMJ

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

132996.0004/8541918.1

and deny all other allegations stated in Complaint Paragraph 154.

155. Defendants deny the allegations in Complaint Paragraph 155.

156. Defendants deny the allegations in Complaint Paragraph 156.

157. Complaint Paragraph 157 alleges a quotation from a case opinion to which no response is required. To the extent a response is required, Defendants respectfully submit that the opinion should be read for the context in which the alleged quotation appears.

158. Defendants deny the allegation in Complaint Paragraph 158.

159. Defendants state that the allegations in Complaint Paragraph 159 set forth legal conclusions to which no response is required. To the extent a response is required, Defendants admit that all legitimately cast ballots should be counted in an election and deny all other allegations stated in Complaint Paragraph 159.

160. Defendants deny the allegation stated in Complaint Paragraph 160.

161. To the extent that Plaintiffs' Prayer for Relief requires a response, Defendants deny that Plaintiffs are entitled to any relief.

162. To the extent that Plaintiffs' Prayer for Relief requires a response, Defendants deny that Plaintiffs are entitled to any relief.

163. To the extent that Plaintiffs' Prayer for Relief requires a response, Defendants deny that Plaintiffs are entitled to any relief.

164. To the extent that Plaintiffs' Prayer for Relief requires a response, Defendants deny that Plaintiffs are entitled to any relief.

165. To the extent that Plaintiffs' Prayer for Relief requires a response, Defendants deny that Plaintiffs are entitled to any relief.

## II. **AFFIRMATIVE DEFENSES**

By way of further answer, Defendants set forth the following affirmative defenses.

1. Plaintiffs lack standing to assert the claims set forth in the Complaint.

ANSWER - 16
CASE NO. 4:21-cv-05075-SMJ

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

132996.0004/8541918.1

2. Defendants Brenda Chilton, Andy Miller, Jerome Delvin, Charles Ross, Joseph Brusic, Ron Anderson, Skip Moore, Douglas J. Shae, and Bob Bugert are not proper Defendants and should be dismissed in their official capacities.

3. Plaintiffs have failed to state a claim upon which relief may be granted.

4. Plaintiffs have failed to join necessary parties.

5. Plaintiff Reyes failed to exhaust available state and administrative remedies.

6. The doctrine of unclean hands prevents Plaintiff Reyes from seeking an injunction.

Defendants reserve the right to withdraw, amend, or assert additional defenses or affirmative defenses upon discovery of additional facts or as otherwise appropriate as this action proceeds.

## III. PRAYER FOR RELIEF

Having answered the allegations in the Complaint, Defendants respectfully request that judgment be entered in their favor with respect to all claims asserted by Plaintiffs; that Plaintiffs' Complaint be dismissed with prejudice; that the costs of this proceeding, including attorney fees, be assessed against Plaintiffs; and that Defendants be awarded such other and further relief as this Court deems just and equitable.

DATED: June 28, 2021

LANE POWELL PC

By: *Callie A. Castillo*
Callie A. Castillo, WSBA No. 38214
Devon J. McCurdy, WSBA No. 52663
castilloc@lanepowell.com
mccurdyd@lanepowell.com
Counsel for Defendants

ANSWER - 17
CASE NO. 4:21-cv-05075-SMJ

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

132996.0004/8541918.1

# CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury of the laws of the State of Washington and United States that on the date listed below, I caused to be served a copy of the attached document to the following persons in the manner indicated below at the following addresses:

| *Attorneys for Plaintiffs:*<br><br>Molly P. Matter<br>Amend Law, LLC<br>PO Box 13203<br>Burton, WA 98013<br>T: 206-280-8724<br>molly@amendlawmatter.com | ☒ by **CM/ECF**<br>☐ by **Electronic Mail**<br>☐ by **Facsimile Transmission**<br>☐ by **First Class Mail**<br>☐ by **Hand Delivery**<br>☐ by **Overnight Delivery** |
|---|---|
| Chadd W. Dunn<br>Sonni Waknin<br>AlanA Friedman<br>UCLA Voting Rights Project<br>3250 Public Affairs Building<br>Los Angeles, CA 90065<br>T: 310-400-6019<br>chad@uclavrp.org<br>sonni@uslavrp.org | ☒ by **CM/ECF**<br>☐ by **Electronic Mail**<br>☐ by **Facsimile Transmission**<br>☐ by **First Class Mail**<br>☐ by **Hand Delivery**<br>☐ by **Overnight Delivery** |
| Luis Roberta Vera, Jr.<br>Law Offices of Luis Roberta Vera, Jr.<br>1325 Riverview Towers<br>111 Soledad Street, Suite 1325<br>San Antonio, TX 78205-2260<br>T: 210-225-3300<br>lrvlaw@sbcglobal.net | ☐ by **CM/ECF**<br>☒ by **Electronic Mail**<br>☐ by **Facsimile Transmission**<br>☐ by **First Class Mail**<br>☐ by **Hand Delivery**<br>☐ by **Overnight Delivery** |
| *Attorneys for Yakima County Defendants: Charles Ross, Joseph Brusic, and Ron Anderson:*<br><br>Don L. Anderson, WSBA No. 12445<br>Yakima County Chief Civil<br>   Deputy Prosecuting Attorney<br>Corporate Counsel Division<br>128 N. 2d Street, Room 211 | ☒ by **CM/ECF**<br>☐ by **Electronic Mail**<br>☐ by **Facsimile Transmission**<br>☐ by **First Class Mail**<br>☐ by **Hand Delivery** |

ANSWER - 18
CASE NO. 4:21-cv-05075-SMJ

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

132996.0004/8541918.1

| | |
|---|---|
| Yakima, WA 98901<br>T: 509-574-1200<br>don.anderson@co.yakima.wa.us | ☐ by **Overnight Delivery** |
| *Attorneys for Chelan County Defendants Skip Moore, Douglas Shae, and Bob Bugert:*<br><br>Robert W. Sealby, WSBA No. 21330<br>Deputy Prosecuting Attorney<br>Chelan County Prosecuting Attorney's Office<br>P.O. Box 2596<br>Wenatchee, WA 98807-2596<br>T: 509-667-6490<br>robert.sealby@co.chelan.wa.us | ☒ by **CM/ECF**<br>☐ by **Electronic Mail**<br>☐ by **Facsimile Transmission**<br>☐ by **First Class Mail**<br>☐ by **Hand Delivery**<br>☐ by **Overnight Delivery** |
| *Attorneys for Benton County Defendants Brenda Chilton, Andy Miller, and Jerome Devlin:*<br><br>Ryan K. Brown, WSBA No. 43377<br>Benton County Chief Deputy Prosecuting Attorney, Civil<br>7122 W. Okanogan Place, Bldg. A<br>Kennewick, WA 99336<br>T: 509-222-3705<br>ryan.brown@co.benton.wa.us | ☒ by **CM/ECF**<br>☐ by **Electronic Mail**<br>☐ by **Facsimile Transmission**<br>☐ by **First Class Mail**<br>☐ by **Hand Delivery**<br>☐ by **Overnight Delivery** |

DATED this 28th day of June, 2021, at Seattle, Washington.

*s/ Lou Rosenkranz*
Lou Rosenkranz, Legal Assistant

ANSWER - 19
CASE NO. 4:21-cv-05075-SMJ

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

132996.0004/8541918.1