1

MOLLY P. MATTER                          HON. ROSANNA MALOUF PETERSON

2

Amend Law, LLC

3

P.O. Box 13203

Burton, WA 98013

4

Telephone: 206-280-8724

5

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

6

7

MARISSA REYES, LEAGUE OF            No.  4:21-cv-05075-RMP
UNITED LATIN AMERICAN

8

CITIZENS, LATINO COMMUNITY          **JOINT STATUS REPORT**
FUND,                                               **AND**

9

                                                        **PROPOSED DISCOVERY PLAN**
                            Plaintiffs,

10

11

        v.

12

BRENDA CHILTON, in her official
capacity as Benton County Auditor

13

and Canvassing Review Board
member, ANDY MILLER, in his

14

official capacity as Benton County
Prosecutor and Canvassing Review

15

Board member, JEROME DELVIN, in

16

his official capacity as Benton County
Canvassing Review Board member,

17

CHARLES ROSS, in his official
capacity as Yakima County Auditor

18

and Canvassing Review Board
Member, JOSEPH BRUSIC, in his

19

official capacity as Yakima County

20

Prosecutor and Canvassing Review
Board member, RON ANDERSON, in

21

his official capacity as Yakima County
Canvassing Review Board member,

22

SKIP MOORE, in his official capacity

23

as Chelan County Auditor and
Canvassing Review Board Member,

24

ROBERT SEALBY, in his official

25

capacity as Chelan County Prosecutor
and Canvassing Review Board

26

27

JOINT STATUS REPORT
AND
PROPOSED DISCOVERY PLAN - 1
CASE NO. 4:21-cv-05075-RMP

member, and BOB BUGERT, in his
official capacity as Chelan County
Canvassing Review Board member,

                        Defendants.

TO THE HONORABLE JUDGE OF SAID COURT:

The parties have conferred and submit the following Joint Status Report under Federal Rule of Civil Procedure 26(f) and the Court's Notice Setting Court's Scheduling Conference, ECF No. 16.

-------------------------------------------------------------------------------

**A.      Whether there are issues that need to be discussed at a scheduling conference or whether a scheduling order can be entered without a hearing;**

Plaintiffs believe that a scheduling order can be entered without a hearing. However, plaintiffs oppose the motion for a protective order and believe a scheduling conference would be beneficial to resolve this narrow issue.

The Defendants believe a scheduling conference would be beneficial to resolve differences in the parties' positions regarding dispositive motions, as well as to discuss the short time before the proposed trial date.

**B.      Whether service is complete and, if not, the expected date of completion;**

Yes, service of process was completed.

**C.      Whether jurisdiction, venue, and standing are proper;**

This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343. This Court has personal jurisdiction over Defendants, who are elected or appointed officials for the State of Washington or Washington Counties and are sued only in their official capacities as officials of the State of Washington and are residents of the State of Washington.  The violations complained of concern their

conduct in such capacity.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred and will occur in this judicial district.

Defendants do not concede that Plaintiffs have Article III standing but acknowledge that the Court has jurisdiction, at least, to determine its constitutional authority to hear the case.

**D.    Whether the parties consent for this matter to be tried before a magistrate judge;**

Yes, both parties have notified the Clerk.

**E.    The nature and basis of the parties' claims (brief summary);**

Plaintiff's claims, as stated in their amended complaint, are as follows:

1.    Count 1: Violation of Section 2 of the Voting Rights Act, 52 U.S.C. § 10301, due to disparate impact of the signature matching process as applied by Defendants.

2.    Count 2: Violation of Section 2 of the Voting Rights Act, 52 U.S.C. § 10301, due to intentional discrimination in application of the signature matching requirement by Defendants.

3.    Count 3: Vote denial in violation of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983, by Defendants in their capacity as state actors through application of signature matching requirement.

4.    Count 4: Violation of Plaintiffs' fundamental right to vote under the First and Fourteenth Amendments by state actors, in violation of 42 U.S.C. § 1983, due to the application of the signature matching requirement by Defendants that unconstitutionally burdens Latino voters in Defendant counties to access the franchise.

5.   Count 5: Violation of Plaintiffs' right to vote free from racial discrimination by Defendants in violation of the Fifteenth Amendment and 42 U.S.C. § 1983 due to the application of the signature matching requirement in Defendant Counties permitting intentional discrimination, as those with Latino surnames and Latino voters are flagged for signature mismatch and have ballots rejected at a higher rate than non-Latino voters.

6.   Count 6: Challenged provision of the law result in denial of procedural due process in violation of the Fourteenth Amendments and 42 U.S.C. § 1983, because Defendant counties individual boards of canvassers are implementing a curing process that is standardless as counties are permitted to reject ballots and attempts to cure ballots based on own assessment, discretion, and standards.

As stated in their Answer, Defendants deny that practices for verifying voter signatures in Chelan County, Benton County, and Yakima County violate the U.S. Constitution or the Voting Rights Act and deny that Plaintiffs are entitled to any relief. Defendants further state that constitutional principles and judicial doctrines bar Plaintiffs' claims and any award of relief. Those include lack of standing; improper defendants; failure to state a claim; failure to join necessary parties; and as to Plaintiff Reyes failure to exhaust state and administrative remedies and unclean hands.

**F.    A preferred trial date and estimated length of trial;**

Suggested trial date(s),

- June 27, 2022.

- Estimated length of trial (total days needed for all parties)

- The parties believe 7-10 trial days would be sufficient.

JOINT STATUS REPORT
AND
PROPOSED DISCOVERY PLAN - 4
CASE NO. 4:21-cv-05075-RMP

**G.      Anticipated motions;**

Plaintiffs do intend to file an amended complaint and Plaintiffs should be allowed until October 30, 2021 to move to amend the pleadings.  Plaintiffs do not intend to add additional defendants. Plaintiffs' amended complaint will accommodate the recent Supreme Court decision interpreting the federal Voting Rights Act and add additional plaintiff(s) due to the fact Marissa Reyes moved out of state.

Plaintiffs do not anticipate filing dispositive motions.  Plaintiffs contend that Defendants' dispositive motion deadline should be no later than 30 days after the last expert disclosure deadline. Plaintiffs' propose March 11, 2022 to allow parties to respond and the court to decide a dispositive motion prior to the set trial date of June 27th, 2022.

Defendants anticipate filing a motion for judgment on the pleadings or a motion for summary judgment, or both depending on Plaintiffs' proposed amendments to the Complaint. Defendants propose a dispositive motion filing deadline of April 8, 2022, shortly after the close of all discovery. This timing would still allow the Court to resolve the case or narrow the issues before trial.

**H.      Arrangement for the disclosures required under Fed. R. Civ. P. 26(a)(1);**

Plaintiffs and Defendants Rule 26 disclosures were served on August 26, 2021.

**I.      A proposed Discovery Plan as discussed in Fed. R. Civ. P. 26(f). This plan shall include the disclosures required under Rule 26(a)(1) and shall also include a time and platform agreed upon for the exchange of e-discovery, if any;**

Plaintiffs anticipate requesting discovery of:

- Minutes from Canvassing Review Board Meetings, communication between defendants regarding signature matching and signature

discrepancies, training materials regarding signature verification and signature matching.

- Documents related to recordation of telephonic and USPS communication to voters with signature mismatches, all databases or other documents with information regarding voters who successfully cured their ballots, documents related to policies and procedures for county reviewers.

- Communications with elected officials about administration of signature verification process, Defendants' plan to use at trial in defense, Reconciliation Reports from 2011-2021 for each county in this proceeding.

- County prosecutor investigations of voter fraud and/or voter intimidation.

Defendants anticipate requesting discovery of:

- Plaintiffs' analysis of alleged statistical comparison of counties' signature verification data;

- Organizational Plaintiffs' activities in Chelan County, Benton County, and Yakima County;

- Ms. Reyes's state residency and state citizenship in 2020; and the circumstances of Ms. Reyes's voter registration signature, declaration signature, and receipt and response to communicates related to curing her declaration signature; and

- Facts as necessary for any Amended Complaint.

Suggested expert disclosure deadlines:

- February 4, 2022 – Plaintiffs

- March 11, 2022 – Defendants

Suggested discovery cut-off:

- April 1, 2022

**J.     Whether class certification is alleged. The parties shall include a suggested cut-off date as outlined in Local Rule 23.1;**

No, the matter will not be pursued as a class action.

**K.     Whether the case involves a beneficial interest claim of a minor or incompetent that requires appointment of a Guardian ad litem;**

No, this case does not involve a minor or incompetent party. An appointment of guardian ad litem is not necessary.

**L.     The appropriateness of special procedures such as consolidation of actions for discovery or pretrial, reference to a master or magistrate, to arbitration, to the Judicial Panel on Multi-district Litigation, or application of the procedures included in the Manual for Complex Litigation;**

There are no special procedures as of this filing that are appropriate.

**M.     Modification of the standard procedures due to the relative simplicity or complexity of the action or proceeding;**

The parties do not propose any modifications to the standard discovery procedures.

**N.     Feasibility of bifurcation, or otherwise structuring sequence of the trial;**

Bifurcation is not necessary at this point. A television with an HDMI cable adaptor may be necessary for experts to place their findings visually in the courtroom.

**O.     Whether there will be a point in the litigation when the parties can conduct meaningful settlement discussions or participation in another form of alternative dispute resolution;**

The parties discussed settlement during the meeting. The possibility of settlement in this case is considered unlikely but it may be enhanced by use of the

1    following alternative dispute resolution procedure: mediation.

2    **P.    Identification of any issues that should be certified to the state Supreme**

3    **Court;**

4    No issues should be certified to a state supreme court at this time.

5    **Q.    Any other matters which may be conducive to the just, efficient, and**

6    **economical determination of the action or proceeding, including the**

7    **definition or limitation of issues.**

8    Plaintiffs do not believe discovery will implicate the confidential information

9    under state law (RCW 29A.08.710) and therefore do not believe a protective order

10    is necessary.  In the event confidential information under the statue is implicated in

11    discovery, counsel will confer and submit a proposed protective order.

12    Defendants have proposed a protective order (ECF. No. 22-1) for entry by the

13    Court as a prophylactic measure regarding the confidentiality of any protected voter

14    data or information.

15

16    Respectfully submitted,        AMEND LAW, LLC

17    By: */s/ Molly P. Matter*

18    Molly P. Matter, WSBA # 52311
P.O. Box 13203

19    Burton, WA 98013
Phone: 206- 280-8724

20    Email: molly@amendlawmatter.com

21    and

22

23

24    UCLA VOTING RIGHTS PROJECT

25    Chad W. Dunn

26    *Admitted Pro Hac Vice*
Sonni Waknin

27    3250 Public Affairs Building

JOINT STATUS REPORT
AND
PROPOSED DISCOVERY PLAN - 8
CASE NO. 4:21-cv-05075-RMP

1

2

Los Angeles, CA 90065
Telephone: 310-400-6019

3

4

LAW OFFICES OF LUIS ROBERTO
VERA, JR.

5

LUIS ROBERTO VERA, JR.*

6

1325 Riverview Towers
111 Soledad St Ste 1325

7

San Antonio, TX 78205-2260
Telephone: 210-225−3300

8

lrvlaw@sbcglobal.net

9

10

Attorney for Plaintiffs

11

* Pro Hac Vice Motion Forthcoming

12

13

LANE POWELL PC

14

15

By: *s/ Callie A. Castillo*

16

Callie A. Castillo, WSBA No. 38214
Devon J. McCurdy, WSBA No. 52663

17

1420 Fifth Avenue, Suite 4200
P.O. Box 91302

18

Seattle, Washington 98111-9402

19

Telephone:  206.223.7000
castilloc@lanepowell.com

20

mccurdyd@lanepowell.com

21

22

Attorneys for Defendants

23

24

25

26

27

JOINT STATUS REPORT
AND
PROPOSED DISCOVERY PLAN - 9
CASE NO. 4:21-cv-05075-RMP