FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 12, 2021

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARISSA REYES; LEAGUE OF UNITED LATIN AMERICAN CITIZENS; and LATINO COMMUNITY FUND,<br><br>   Plaintiffs,<br><br>   v.<br><br>BRENDA CHILTON, in her official capacity as Benton County Auditor and Canvassing Review Board member; ANDY MILLER in his official capacity as Benton County Canvassing Review Board member; CHARLES ROSS, in his official capacity as Yakima County Auditor and Canvassing Review Board Member; JOSEPH BRUSIC, in his official capacity as Yakima County Canvassing Review Board member; RON ANDERSON; in his official capacity as Yakima County Canvassing Review Board member; SKIP MOORE, in his official capacity as Chelan County Auditor and Canvassing Review Board member; and BOB BUGERT in his official capacity as Chelan County | NO: 4:21-CV-5075-RMP<br><br>STIPULATED PROTECTIVE ORDER |

STIPULATED PROTECTIVE ORDER ~ 1

|   |   |
|---|---|
| 1 | Canvassing Review Board member; |
| 2 | JEROME DELVIN, in his official capacity as Benton County |
| 3 | Canvassing Review Board Member; and ROBERT SEALBY, |
| 4 | Defendants. |

5

6   BEFORE THE COURT is a Joint Motion for Entry of a Stipulated Protective

7   Order, ECF No. 32, and Joint Motion to Expedite Hearing of the same, ECF No.

8   31.  A district court may enter a protective order upon a showing of good cause.

9   Fed. R. Civ. P. 26(c).  Before issuing a stipulated protective order, a district court

10  judge should ensure that the protective order's restrictions do not infringe on the

11  public's general right to inspect and copy judicial records and documents.  *See*

12  *Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *see*

13  *also Courthouse News Serv. v. Planet*, 947 F.3d 581, 589 (9th Cir. 2020)

14  (recognizing a long-held First Amendment right of access to court proceedings and

15  documents).

16   Having reviewed the proposed Protective Order and the record, the Court

17  finds that good cause exists to enter the parties' proposed Stipulated Protective

18  Order.  Accordingly, **IT IS HEREBY ORDERED** that the parties' Joint Motion

19  for Entry of Stipulated Protective Order, **ECF No. 32**, and Joint Motion to Expedite

20  Hearing of the same, **ECF No 31**, are **GRANTED**.  The Protective Order in effect

21  is set forth below.

STIPULATED PROTECTIVE ORDER ~ 2

1. **PURPOSES AND LIMITATIONS**

Discovery in this action is likely to involve production of confidential or private information for which special protection may be warranted. Accordingly, the Defendants ask the court to enter the following Protective Order. This Order does not confer blanket protection on all disclosures or responses to discovery; the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

2. **"CONFIDENTIAL" MATERIAL**

"Confidential" material is limited to the following documents and tangible things produced or otherwise exchanged: (1) images of voter signatures on ballot envelopes, (2) images of voter signatures contained in voter registration records or files; and (3) images of voter signatures contained in the signature update forms.

3. **SCOPE**

The protections conferred by this order cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material and (2) all copies, excerpts, summaries, or compilations of confidential material.

The protections conferred by this order do not cover information that is in the public domain, is available for public inspection, or becomes part of the public

STIPULATED PROTECTIVE ORDER ~ 3

domain, and any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Pursuant to RCW 29A.08.710, the following information contained in voter registration records or files is available for public inspection: voter's name, address, political jurisdiction, gender, date of birth, voting record, date of registration, and registration number. Further, the protections conferred by this order do not cover analyses or abstractions of confidential information, such as statistical analyses or descriptions, when reported at a level of generality that does not implicate the privacy concerns supporting the designation of the underlying documents as confidential.

4.  ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

    4.1  Basic Principles. A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this order. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this order.

    4.2  Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the designating party, a

receiving party may disclose any confidential material only to:

    (a)    the receiving party's counsel of record in this action, as well as employees, legal staff members, legal interns, clinical students, or associates of counsel with whom it is reasonably necessary to disclose the information for this litigation;

    (b)    the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation;

    (c)    experts and consultants to whom disclosure is reasonably necessary for this litigation and who, prior to disclosure, have been provided a copy of this Order and been advised that acceptance of documents designated by this Order is their agreement to be bound;

    (d)    the court, court personnel, and court reporters and their staff;

    (e)    copy, imaging, or electronic discovery services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

    (f)    witnesses, during depositions, in the action to whom disclosure is reasonably necessary.  Exhibits to depositions that reveal confidential material

STIPULATED PROTECTIVE ORDER ~ 5

1  must be separately bound by the court reporter and may not be disclosed to anyone
2  except as permitted under this order;

3    (g) the author or recipient of a document containing the information
4  or a custodian or other person who otherwise possessed or knew the information.

5   4.3 <u>Filing Confidential Material</u>.  Before filing confidential material or
6  discussing or referencing such material in court filings, the filing party shall confer
7  with the designating party to determine whether the designating party will remove
8  the confidential designation, whether the document can be redacted, or whether a
9  motion to seal or stipulation and proposed order is warranted.  During the meet and
10 confer process, the designating party must identify the basis for sealing the specific
11 confidential information at issue.  Should a motion to seal result, the Designating
12 Party must file a declaration in support of its designation either contemporaneously
13 with its own motion to seal or within four days of the filing of another party's
14 motion to seal.

15 5. DESIGNATING PROTECTED MATERIAL

16  5.1 <u>Exercise of Restraint and Care in Designating Material for Protection.</u>
17 Each party or non-party who designates information or items for protection under
18 this order must take care to limit any such designation to specific material that
19 qualifies under the appropriate standards.  The designating party must designate for
20 protection only those parts of material, documents, items, or written
21

communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2   Manner and Timing of Designations.  Except as otherwise provided in this order, or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this order must be clearly so designated before or when the material is disclosed or produced.

(a)   Information in documentary form: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection, the producing

party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the word "CONFIDENTIAL" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)    <u>Other tangible items</u>: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3    <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive

STIPULATED PROTECTIVE ORDER ~ 8

the designating party's right to secure protection under this order for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this order.

6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

    6.1    <u>Timing of Challenges</u>.  Any party may challenge a designation of confidentiality at any time by providing written notice.  A party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

    6.2    <u>Meet and Confer</u>.  The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement and in good faith.  The parties must begin the process by conferring directly within 5 days of the date of service of notice via either a face-to-face meeting or telephone conference.

    6.3    <u>Judicial Intervention</u>.  If the parties cannot resolve a challenge without court intervention, the designating party shall file and serve a motion to retain confidentiality within 14 days of the meet and confer.  The burden of persuasion in any such motion shall be on the designating party.  All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

STIPULATED PROTECTIVE ORDER ~ 9

7. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

(a) promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this order. Such notification shall include a copy of this order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

8. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this order, the receiving party must immediately (a) notify the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, and (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this order.

STIPULATED PROTECTIVE ORDER ~ 10

9.  **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review.  The parties agree to the entry of a non-waiver order under Federal Rule of Evidence 502(d) as set forth herein.

10. **FINAL DISPOSITION AND RETURN OF DOCUMENTS**

Within 60 days after the final disposition of this action, including all appeals, each receiving must provide notice that it has destroyed and/or deleted all copies, tangible or digital, of the Confidential Material.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material.

The confidentiality obligations imposed by this order shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

STIPULATED PROTECTIVE ORDER ~ 11

**IT IS SO ORDERED**.  The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** November 12, 2021.

                                         *s/ Rosanna Malouf Peterson*
                                    ROSANNA MALOUF PETERSON
                                        United States District Judge