Callie A. Castillo, WSBA No. 38214
Devon J. McCurdy, WSBA No. 52663
LANE POWELL PC
1420 Fifth Avenue, Suite 4200
P.O. Box 91302
Seattle, Washington 98111-9402
Telephone: 206.223.7000
Facsimile: 206.223.7107
castilloc@lanepowell.com
mccurdyd@lanepowell.com
Attorneys for Defendants

THE HONORABLE
ROSANNA MALOUF PETERSON

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MARISSA REYES, LEAGUE OF UNITED LATIN AMERICAN CITIZENS, LATINO COMMUNITY FUND OF WASHINGTON,

Plaintiffs,

v.

BRENDA CHILTON, in her official capacity as Benton County Auditor and Canvassing Review Board member, ANDY MILLER, in his official capacity as Benton County Prosecutor and Canvassing Review Board member, JEROME DELVIN, in his official capacity as Benton County Canvassing Review Board member, CHARLES ROSS, in his official capacity as Yakima County Auditor and Canvassing Review Board Member, JOSEPH BRUSIC, in his official capacity as Yakima County Prosecutor and Canvassing Review Board member, RON ANDERSON, in his official capacity as Yakima County Canvassing Review Board member, SKIP MOORE, in his official capacity as Chelan County Auditor and Canvassing Review Board Member, ROBERT SEALBY, in his official capacity as Chelan County Prosecutor and Canvassing Review Board member, and BOB BUGERT, in his official capacity as Chelan County Canvassing Review Board member,

Defendants.

No. 4:21-cv-05075-RMP

**DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT - 1
CASE NO. 4:21-cv-05075-RMP

132996.0004/8790105.2

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

# I. ANSWER

Defendants answer Plaintiffs' Complaint as follows:

1. Complaint Paragraph 1 of the Introduction alleges quotations from a case opinion to which no response is required. To the extent a response is required, Defendants respectfully submit that the opinion should be read for the context in which the alleged quotation appears.

2. Defendants admit that since 2013 Washington State has conducted its elections primarily via mail-in ballots. Defendants further admit that in accordance with RCW 29A.40.110(3), mail-in ballots are reviewed by county canvassing boards or their designated representatives to verify that a voter's signature on the ballot declaration is the same as the signature of that voter in the county's registration files.

3. Defendants admit only that signature verification training is not mandated for county canvassing review boards under RCW 29A.40.110. The other allegations in Complaint Paragraph 3 of the Introduction state Plaintiffs' purported reasons for bringing this action. To the extent that any answer is required, Defendants deny all allegations.

4. Defendants admit only that ballot rejection based on a perceived signature mismatch is not a usual burden of voting. Defendants deny all other allegations in Complaint Paragraph 4 of the Introduction.

5. Complaint Paragraph 5 of the Introduction states a legal conclusion for which no answer is required. To the extent that any answer is required, Defendants deny all allegations.

6. Complaint Paragraph 6 of the Introduction states a legal conclusion for which no answer is required. To the extent that any response is required, Defendants deny that their conduct at issue is unconstitutional or in violation of the Voting Rights Act or U.S. Const. amendments I, XIV, XV.

DEFENDANTS' ANSWER TO PLAINTIFFS'
SECOND AMENDED COMPLAINT - 2
CASE NO. 4:21-cv-05075-RMP

132996.0004/8790105.2

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

7. Complaint Paragraph 7 of the Introduction states a legal conclusion for which no answer is required. To the extent that any answer is required, Defendants deny all allegations.

8. Defendants state that the allegations in Complaint Paragraph 1[1] state matters related to the Court's subject matter jurisdiction to which no response is required. To the extent a response is required Defendants admit that the Court has statutory jurisdiction and state they lack information sufficient to admit or deny Article III jurisdiction and therefore deny it on that basis.

9. Defendants admit that the Court has personal jurisdiction over them. The other allegations in Complaint Paragraph 2 states Plaintiffs' framing of the relief they seek. To the extent that any answer is required, Defendants admit that relief is sought against them in their official capacities only and deny all other allegations.

10. Defendants admit that venue is proper in this district.

11. Defendants state that the allegation in Complaint Paragraph 4 sets forth legal conclusions to which no response is required. To the extent that any response is required, Defendants deny that Plaintiffs are entitled to a declaration or injunction in this case.

12. Defendants admit that Chelan County voter registration records show that Plaintiff Jesse Reyes is a registered voter over the age of 18.

13. Defendants lack information sufficient to admit or deny that Jesse Reyes is Latino, however, they have no reason to contest that allegation.

14. Defendants lack information sufficient to admit or deny the allegation in Complaint Paragraph 7 and therefore deny it on that basis.

15. Defendants admit that Jesse Reyes had ballots challenged for a signature mismatch in 2017 and 2020.

---

[1] The Second Amended Complaint begins renumbering after the Jurisdiction and Venue section header on page 5.

DEFENDANTS' ANSWER TO PLAINTIFFS'
SECOND AMENDED COMPLAINT - 3
CASE NO. 4:21-cv-05075-RMP

132996.0004/8790105.2

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

16. Defendants lack information sufficient to admit or deny the allegations in Complaint Paragraph 9 and therefore deny those allegations on that basis.

17. Defendants admit that Jesse Reyes had ballots that were not counted after he did not cure them. Defendants lack information sufficient to admit or deny the other allegations stated in Complaint Paragraph 10.

18. Defendants lack information sufficient to admit or deny that Plaintiff Cinthia Álvarez Lucatero is a registered voter over the age of 18.

19. Defendants lack information sufficient to admit or deny that Cinthia Álvarez Lucatero is Latino, however, they have no reason to contest that allegation.

20. Defendants lack information sufficient to admit or deny the allegation in Complaint Paragraph 13 and therefore deny it on that basis.

21. Defendants lack information sufficient to admit or deny the allegation in Complaint Paragraph 14 and therefore deny it on that basis.

22. Defendants lack information sufficient to admit or deny the allegations in Complaint Paragraph 15 that Cinthia Álvarez Lucatero is a naturalized citizen who values her right to vote, however, they have no reason to contest these allegations. Defendants lack information sufficient to admit or deny the remainder of Complaint Paragraph 15 and therefore deny those allegations on that basis.

23. Defendants lack information sufficient to admit or deny the allegation in Complaint Paragraph 16 and therefore deny it on that basis.

24. Defendants lack information sufficient to admit or deny the allegation in Complaint Paragraph 17 and therefore deny it on that basis.

25. Defendants lack information sufficient to admit or deny the allegation in Complaint Paragraph 18 therefore deny it on that basis.

26. Defendants admit that Yakima County voter registration records show that Plaintiff Daniel Reynoso is a registered voter over the age of 18.

27. Defendants lack information sufficient to admit or deny that Plaintiff

DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT - 4
CASE NO. 4:21-cv-05075-RMP

132996.0004/8790105.2

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

1  Daniel Reynoso is Latino, however, they have no reason to contest that allegation.

2      28.    Defendants lack information sufficient to admit or deny the allegation
3  in Complaint Paragraph 21 and therefore deny it on that basis.

4      29.    Defendants admit that Daniel Reynoso's ballot was not counted in 2019
5  because the signature on the declaration did not match the signature in Mr.
6  Reynoso's voter file. Defendants lack information sufficient to admit or deny that
7  Mr. Reynoso signed his own ballot, and therefore deny the allegation on that basis.

8      30.    Defendants admit that Daniel Reynoso's 2018 ballot was challenged
9  and rejected after he did not cure it. Defendants lack information sufficient to admit
10 or deny the other allegation stated in Complaint Paragraph 23 and therefore deny it
11 on that basis.

12     31.    Defendants admit that Daniel Reynoso did not vote in the 2019 election.
13 Defendants lack information sufficient to admit or deny the other allegation in
14 Complaint Paragraph 24 and therefore deny it on that basis.

15     32.    Defendants admit that Daniel Reynoso voted in the 2020 election.
16 Defendants lack information sufficient to admit or deny the other allegations stated
17 in Complaint Paragraph 25 and therefore deny those allegations on that basis.

18     33.    Defendants lack information sufficient to admit or deny the allegation
19 in Complaint Paragraph 26 and deny it on that basis.

20     34.    Defendants lack information sufficient to admit or deny the allegation
21 in Complaint Paragraph 27 and deny it on that basis.

22     35.    Defendants lack information sufficient to admit or deny the allegation
23 in Complaint Paragraph 28 and deny it on that basis.

24     36.    Defendants lack information sufficient to admit or deny the allegation
25 in Complaint Paragraph 29 and deny it on that basis.

26     37.    Defendants lack information sufficient to admit or deny the allegation
27 in Complaint Paragraph 30 and deny it on that basis.

DEFENDANTS' ANSWER TO PLAINTIFFS'
SECOND AMENDED COMPLAINT - 5
CASE NO. 4:21-cv-05075-RMP

132996.0004/8790105.2

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

38. Defendants lack information sufficient to admit or deny the allegation in Complaint Paragraph 31 and deny it on that basis.

39. Defendants lack information sufficient to admit or deny the allegation in Complaint Paragraph 32 and deny it on that basis.

40. Defendants lack information sufficient to admit or deny the allegation in Complaint Paragraph 33 and deny it on that basis.

41. Defendants lack information sufficient to admit or deny the allegation in Complaint Paragraph 34 and deny it on that basis.

42. Defendants lack information sufficient to admit or deny the allegation in Complaint Paragraph 35 and deny it on that basis.

43. Defendants lack information sufficient to admit or deny the allegation in Complaint Paragraph 36 and deny it on that basis.

44. Defendants lack information sufficient to admit or deny the allegation in Complaint Paragraph 37 and deny it on that basis.

45. Defendants lack information sufficient to admit or deny the allegation in Complaint Paragraph 38 and deny it on that basis.

46. Defendants admit the persons stated may or have been members of the Benton County Canvassing Board for certain elections.

47. Defendants lack information sufficient to admit or deny the allegation in Complaint Paragraph 40 that the Benton County Canvassing Board has "authority to determine whether a signature matches the signature on file for a given voter during the ballot processing stage," due to ambiguity and vagueness, and therefore deny the same.

48. The allegation in Complaint Paragraph 41 states Plaintiffs' framing of the relief they seek. To the extent any answer is required, Defendants admit that relief is sought against them in their official capacities only and deny that Plaintiffs are entitled to relief.

DEFENDANTS' ANSWER TO PLAINTIFFS'
SECOND AMENDED COMPLAINT - 6
CASE NO. 4:21-cv-05075-RMP

132996.0004/8790105.2

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

49. Defendants admit the persons stated may or have been members of the Yakima County Canvassing Board for certain elections.

50. Defendants lack information lack information sufficient to admit or deny the allegation in Complaint Paragraph 43 that the Yakima County Canvassing Board has the "authority to determine whether a signature matches the signature on file for a given voter during the ballot processing stage," due to ambiguity and vagueness and therefore deny the allegation on that basis.

51. The allegation in Complaint Paragraph 44 states Plaintiffs' framing of the relief they seek. To the extent any answer is required, Defendants admit that relief is sought against them in their official capacities only and deny that Plaintiffs are entitled to relief.

52. Defendants admit the persons stated may or have been members of the Chelan County Canvassing Board for certain elections.

53. Defendants lack information sufficient to admit or deny the allegation in Complaint Paragraph 46 that the Chelan County Canvassing Board has the "authority to determine whether a signature matches the signature on file for a given voter during the ballot processing stage," due to ambiguity, and therefore deny the same.

54. The allegation in Complaint Paragraph 47 states Plaintiffs' framing of the relief they seek. To the extent any answer is required, Defendants admit that relief is sought against them in their official capacities only and deny that Plaintiffs are entitled to relief.

55. Defendants admit that in 2005 the State of Washington passed a law that gave counties the option to conduct all elections entirely by mail ballot. Defendants lack information sufficient to admit or deny the remaining allegation in Complaint Paragraph 48 and therefore deny it.

DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT - 7
CASE NO. 4:21-cv-05075-RMP

132996.0004/8790105.2

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

56. Defendants admit that in 2011 the State of Washington passed a law that required each county to automatically issue a mail ballot to each registered voter of the state, overseas voter, and service voter for each election. Defendants deny that the legislation replaced "the existing election infrastructure."

57. Defendants admit that nearly all Washington State voters vote by mail.

58. Defendants admit that Chapter 29A.40 of the Revised Code of Washington is entitled "Elections by Mail" and that the chapter, along with other provisions of Title 29A of the Revised Code of Washington govern the State's elections.

59. Defendants admit that RCW 29A.40.010 provides that "[e]ach active registered voter of the state, overseas voter, and service voter shall automatically be issued a mail ballot for each general election, special election, or primary."

60. Defendants admit that nearly all Washington state voters cast their ballots by mail. Defendants admit counties establish voting centers pursuant to RCW 29A.40.160 to enable voters to cast their ballots in person. Defendants lack information sufficient to admit or deny the remaining allegation in Complaint Paragraph 53 and therefore deny it.

61. Defendants admit that a voter must take certain actions after receiving a ballot if the voter chooses to vote. Defendants deny Plaintiffs' characterization of RCW 29A.40.091, which speaks for itself. Defendants deny all other allegations in Complaint Paragraph 54.

62. Defendants admit that a voter must sign a declaration in order to vote. Defendants admit that each county auditor must send each voter a ballot, a security envelope in which to conceal the ballot after voting, a larger envelope in which to return the security envelope, a declaration that the voter must sign, and certain instructions. Defendants deny the remainder of the allegations in Complaint Paragraph 55.

DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT - 8
CASE NO. 4:21-cv-05075-RMP

132996.0004/8790105.2

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

63. Complaint Paragraph 56 appears to be a paraphrase of RCW 29A.40.091(2), which statutory provision speaks for itself. Defendants deny the allegation to the extent the paragraph misquotes the statute.

64. Defendants deny Plaintiffs' characterization of RCW 29A.40.091, which speaks for itself.

65. Defendants deny Plaintiffs' characterization of RCW 29A.40.110, which speaks for itself.

66. Defendants admit that each county in Washington State has a County Canvassing Board comprised of the county auditor, the county prosecutor, and the chair of the county board of commissioners, as set out in RCW 29A.60.140 and WAC 434-262-010.

67. Defendants admit that each county canvassing board is responsible for certifying the results of Washington State elections under RCW 29A.60.190. Defendants lack information sufficient to admit or deny the remaining allegation in Complaint Paragraph 60 due to ambiguity and deny the allegation on that basis.

68. Defendants admit that the meetings of the county canvassing board are public meetings under RCW 42.30. RCW 29A.60.140(5).

69. Defendants admit that the meetings of the county canvassing board are public meetings under RCW 42.30, and therefore subject to the notice provisions of that chapter.

70. Defendants deny Plaintiffs' characterization of RCW 29A.40.110(3), which statute speaks for itself.

71. Defendants appear to cite to WAC 434-261-050. Defendants deny Plaintiffs' characterization of WAC 434-261-050, which speaks for itself.

72. Complaint Paragraph 65 appears to quote WAC 434-379-020. The regulation speaks for itself.

DEFENDANTS' ANSWER TO PLAINTIFFS'
SECOND AMENDED COMPLAINT - 9
CASE NO. 4:21-cv-05075-RMP

132996.0004/8790105.2

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

73. Complaint Paragraph 66 appears to quote a sentence in RCW 29A.40.110(3). The provision speaks for itself.

74. Complaint Paragraph 67 appears to quote WAC 434-261-050. The regulation speaks for itself.

75. Defendants deny the allegation stated in Complaint Paragraph 68.

76. Complaint Paragraph 69 appears to quote WAC 434-261-050. The regulation speaks for itself.

77. Complaint Paragraph 70 appears to partially quote WAC 434-261-050. The regulation speaks for itself.

78. Defendants deny Plaintiffs' characterization of WAC 434-261-050, which speaks for itself.

79. Defendants deny the allegation stated in Complaint Paragraph 72.

80. Defendants lack information sufficient to admit or deny the allegations in Complaint Paragraph 73 and deny those allegations on that basis.

81. Defendants admit the allegation in Complaint Paragraph 74.

82. Defendants deny the allegation stated in Complaint Paragraph 75.

83. Defendants lack information sufficient to admit or deny the allegations in Complaint Paragraph 76 and deny those allegations on that basis.

84. Defendants deny Plaintiffs characterization of RCW 29A.40.110(3) to the extent they replaced "staff members" for "all personnel" in the statute. The statute speaks for itself.

85. Defendants admit only that signature verification training is not mandated for county canvassing review boards under RCW 29A.40.110.

86. Complaint Paragraph 79 appears to quote WAC 434-260-320. The regulation speaks for itself.

87. Defendants deny the allegation stated in Complaint Paragraph 80.

DEFENDANTS' ANSWER TO PLAINTIFFS'
SECOND AMENDED COMPLAINT - 10
CASE NO. 4:21-cv-05075-RMP

132996.0004/8790105.2

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

88. Defendants admit that no two signatures are exactly the same. To the extent Complaint Paragraph 81 states any other allegation, Defendants deny it.

89. Defendants admit the allegation in Complaint Paragraph 82.

90. Defendants admit that no two signatures are exactly the same. Defendants lack information sufficient to admit or deny the other allegations in Complaint Paragraph 83 and deny those allegations on that basis.

91. Defendants lack information sufficient to admit or deny the allegation in Complaint Paragraph 84 and deny it on that basis.

92. Defendants deny the allegation stated in Complaint Paragraph 85.

93. Defendants deny the allegation stated in Complaint Paragraph 86.

94. Defendants deny the allegation stated in Complaint Paragraph 87.

95. Defendants deny the allegation stated in Complaint Paragraph 88.

96. Defendants deny the allegation stated in Complaint Paragraph 89.

97. Defendants lack information sufficient to admit or deny the allegations in Complaint Paragraph 90 and deny those allegations on that basis.

98. Defendants deny the allegation stated in Complaint Paragraph 91.

99. Complaint Paragraph 92 states a legal conclusion for which no answer is required. To the extent that any answer is required, Defendants lack information sufficient to admit or deny the allegations in the paragraph and therefore deny them.

100. Complaint Paragraph 93 states a legal conclusion for which no answer is required. To the extent that any answer is required, Defendants lack information sufficient to admit or deny the allegation in the paragraph and therefore deny it.

101. Complaint Paragraph 94 states a legal conclusion for which no answer is required. To the extent that any answer is required, Defendants lack information sufficient to admit or deny the allegation in the paragraph and therefore deny it.

102. Defendants admit only that ballot rejection based on a perceived signature mismatch is not a usual burden of voting. Defendants deny all other

DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT - 11
CASE NO. 4:21-cv-05075-RMP

132996.0004/8790105.2

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

1  allegations in Complaint Paragraph 95.

2      103.   Defendants deny the allegation stated in Complaint Paragraph 96.

3      104.   Defendants deny the allegation stated in Complaint Paragraph 97.

4      105.   Defendants lack information sufficient to admit or deny the allegations
5  in Complaint Paragraph 98 and deny those allegations on that basis

6      106.   Defendants lack information sufficient to admit or deny the allegations
7  in Complaint Paragraph 99 and deny those allegations on that basis.

8      107.   Defendants lack information sufficient to admit or deny the allegations
9  in Complaint Paragraph 100 and deny those allegations on that basis.

10     108.   Defendants lack information sufficient to admit or deny the allegations
11 in Complaint Paragraph 101 and deny those allegations on that basis.

12     109.   Defendants lack information sufficient to admit or deny the allegations
13 in Complaint Paragraph 102 and deny those allegations on that basis.

14     110.   Defendants lack information sufficient to admit or deny the allegations
15 in Complaint Paragraph 103 and deny those allegations on that basis.

16     111.   Defendants lack information sufficient to admit or deny the allegations
17 in Complaint Paragraph 104 and deny those allegations on that basis.

18     112.   To the extent the graph in Complaint Paragraph 105 states a discernable
19 allegation, Defendants lack information sufficient to admit or deny the allegation
20 and deny it on that basis.

21     113.   Defendants lack information sufficient to admit or deny the allegations
22 in Complaint Paragraph 106 and deny those allegations on that basis.

23     114.   Defendants lack information sufficient to admit or deny the allegations
24 in Complaint Paragraph 107 and deny those allegations on that basis.

25     115.   Complaint Paragraph 108 states, in part, a legal conclusion for which
26 no answer is required. Further, Defendants lack information sufficient to admit or
27 deny the allegations in Complaint Paragraph 108 and deny those allegations on that

DEFENDANTS' ANSWER TO PLAINTIFFS'
SECOND AMENDED COMPLAINT - 12
CASE NO. 4:21-cv-05075-RMP

132996.0004/8790105.2

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

1  basis.

2    116. Defendants lack information sufficient to admit or deny the allegations
3  in Complaint Paragraph 109 and deny those allegations on that basis.

4    117. To the extent the table in Complaint Paragraph 110 states a discernable
5  allegation, Defendants lack information sufficient to admit or deny the allegation
6  and deny it on that basis.

7    118. Defendants lack information sufficient to admit or deny the allegations
8  in Complaint Paragraph 111 and deny those allegations on that basis.

9    119. Defendants lack information sufficient to admit or deny the allegations
10 in Complaint Paragraph 112 and deny those allegations on that basis.

11   120. Defendants lack information sufficient to admit or deny the allegations
12 in Complaint Paragraph 113 and deny those allegations on that basis.

13   121. Defendants lack information sufficient to admit or deny the allegations
14 in Complaint Paragraph 114 and deny those allegations on that basis.

15   122. Defendants lack information sufficient to admit or deny the allegations
16 in Complaint Paragraph 115 and deny those allegations on that basis.

17   123. Defendants deny the allegation stated in Complaint Paragraph 116.

18   124. Defendants lack information sufficient to admit or deny the allegations
19 in Complaint Paragraph 117 and deny those allegations on that basis.

20   125. Defendants lack information sufficient to admit or deny the allegations
21 in Complaint Paragraph 118 and deny those allegations on that basis.

22   126. Defendants lack information sufficient to admit or deny the allegations
23 in Complaint Paragraph 119 and deny those allegations on that basis.

24   127. Defendants lack information sufficient to admit or deny the allegations
25 in Complaint Paragraph 120 and deny those allegations on that basis.

26   128. Defendants lack information sufficient to admit or deny the allegations
27 in Complaint Paragraph 121 and deny those allegations on that basis.

DEFENDANTS' ANSWER TO PLAINTIFFS'
SECOND AMENDED COMPLAINT - 13
CASE NO. 4:21-cv-05075-RMP

132996.0004/8790105.2

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

129. Defendants lack information sufficient to admit or deny the allegations in Complaint Paragraph 122 and deny those allegations on that basis.

130. To the extent the table in Complaint Paragraph 123 states a discernable allegation, Defendants lack information sufficient to admit or deny the allegation and deny it on that basis.

131. Defendants deny the allegations stated in Complaint Paragraph 124.

132. Defendants deny the allegations stated in Complaint Paragraph 125.

133. Defendants deny the allegations stated in Complaint Paragraph 126.

134. Defendants deny the allegations stated in Complaint Paragraph 127.

135. Defendants deny the allegations stated in Complaint Paragraph 128.

136. Defendants lack information sufficient to admit or deny the allegations in Complaint Paragraph 129 and deny those allegations on that basis.

137. Defendants lack information sufficient to admit or deny the allegations in Complaint Paragraph 130 and deny those allegations on that basis.

138. Defendants lack information sufficient to admit or deny the allegations in Complaint Paragraph 131 and deny those allegations on that basis.

139. Defendants admit that the City of Yakima and the City of Pasco were found in violation of Section 2 of the Voting Rights Act for different election-related issues. Defendants deny the remainder of the allegation in Complaint Paragraph 132 and deny any legal significance to the City of Yakima City of Pasco matters to the claims in this Complaint.

140. Defendants lack information sufficient to admit or deny the allegations in Complaint Paragraph 133 and deny those allegations on that basis.

141. Defendants deny the allegations stated in Complaint Paragraph 134.

142. Defendants lack information sufficient to admit or deny the allegations in Complaint Paragraph 135 and deny those allegations on that basis.

DEFENDANTS' ANSWER TO PLAINTIFFS'
SECOND AMENDED COMPLAINT - 14
CASE NO. 4:21-cv-05075-RMP

132996.0004/8790105.2

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

143. Defendants deny the allegations stated in Complaint Paragraph 136.

144. Defendants lack information sufficient to admit or deny the allegations in Complaint Paragraph 137 and deny those allegations on that basis.

145. Defendants lack information sufficient to admit or deny the allegations in Complaint Paragraph 138 and deny those allegations on that basis.

146. Defendants lack information sufficient to admit or deny the allegations in Complaint Paragraph 139 and deny those allegations on that basis.

147. Defendants deny the allegations stated in Complaint Paragraph 140.

148. Defendants lack information sufficient to admit or deny the allegations in Complaint Paragraph 141 and deny those allegations on that basis.

149. Defendants lack information sufficient to admit or deny the allegations in Complaint Paragraph 142 and deny those allegations on that basis.

150. Defendants incorporate by reference their answers to other Complaint Paragraphs.

151. Defendants deny the first sentence Complaint Paragraph 144. As to the remaining allegations, Defendants lack information sufficient to admit or deny the remaining allegations in Complaint Paragraph and deny those allegations on that basis.

152. Defendants lack information sufficient to admit or deny the allegations in Complaint Paragraph 145 and deny those allegations on that basis.

153. Defendants lack information sufficient to admit or deny the allegations in Complaint Paragraph 146 and deny those allegations on that basis.

154. Defendants lack information sufficient to admit or deny the allegations in Complaint Paragraph 147 and deny those allegations on that basis. Defendants deny the last sentence of Complaint Paragraph 147.

155. Defendants deny the allegations stated in Complaint Paragraph 148.

156. Defendants deny the allegations stated in Complaint Paragraph 149.

DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT - 15
CASE NO. 4:21-cv-05075-RMP

132996.0004/8790105.2

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

157. Defendants lack information sufficient to admit or deny the allegations in Complaint Paragraph 150 and deny those allegations on that basis. Defendants deny the last sentence of Complaint Paragraph 150.

158. Defendants deny the allegations stated in Complaint Paragraph 151.

159. Defendants incorporate by reference their answers to other Complaint Paragraphs.

160. Defendants deny the allegation stated in Complaint Paragraph 153.

161. Defendants deny the allegation stated in Complaint Paragraph 154.

162. Defendants deny the allegations stated in Complaint Paragraph 155.

163. Defendants deny the allegations stated in Complaint Paragraph 156.

164. Defendants deny the allegation stated in Complaint Paragraph 157.

165. Defendants deny the allegations stated in Complaint Paragraph 158.

166. Defendants incorporate by reference their answers to other Complaint Paragraphs.

167. Defendants deny the allegations stated in Complaint Paragraph 160.

168. Complaint Paragraph 161 alleges quotations from case opinions to which no response is required. To the extent a response is required, Defendants respectfully submit that the opinions should be read for the context in which the alleged quotations appear. Defendants deny all other allegations stated in Complaint Paragraph 161.

169. Defendants deny the allegations stated in Complaint Paragraph 162.

170. Defendants incorporate by reference their answers to other Complaint Paragraphs.

171. Complaint Paragraph 163 alleges citations and quotations from constitutional amendments and case opinions to which no response is required. To the extent a response is required, Defendants respectfully submit that the opinions and constitutional provisions should be read for the context in which the alleged

DEFENDANTS' ANSWER TO PLAINTIFFS'
SECOND AMENDED COMPLAINT - 16
CASE NO. 4:21-cv-05075-RMP

132996.0004/8790105.2

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

1  citations appear.

2  172.    Defendants deny the allegations stated in Complaint Paragraph 164.

3  173.    Defendants deny the allegations stated in Complaint Paragraph 165.

4  174.    Defendants lack information sufficient to admit or deny the allegations
5  in Complaint Paragraph 166 and deny those allegations on that basis

6  175.    Complaint Paragraph 167 alleges citations from a U.S. Const.
7  amendment I and case opinions to which no response is required. To the extent a
8  response is required, Defendants respectfully submit that the amendment and
9  opinions should be read for the context in which the alleged quotations appear.

10  176.    Defendants deny the allegations stated in Complaint Paragraph 168.

11  177.    Defendants deny the allegations stated in Complaint Paragraph 169.

12  178.    Defendants incorporate by reference their answers to other Complaint
13  Paragraphs.

14  179.    Defendants deny the allegations stated in Complaint Paragraph 196.[2]

15  180.    Defendants deny the allegations stated in Complaint Paragraph 197.

16  181.    Defendants deny the allegations stated in Complaint Paragraph 198.

17  182.    Defendants deny the allegations stated in Complaint Paragraph 199.

18  183.    Defendants incorporate by reference their answers to other Complaint
19  Paragraphs.

20  184.    Complaint Paragraph 201 appears to partially quote U.S. Const.
21  amendment XIV, § 1, which speaks for itself.

22  185.    Complaint Paragraph 202 sets forth legal conclusions and quotations
23  from case opinions to which no response is required. To the extent a response is
24  required, Defendants respectfully submit that the opinions should be read for the
25  context in which the alleged quotations appear and deny all other allegations stated

26  ───────────────────────

27  [2] The paragraph numbering in the Second Amended Complaint abruptly changes from 170 to 196.

DEFENDANTS' ANSWER TO PLAINTIFFS'
SECOND AMENDED COMPLAINT - 17
CASE NO. 4:21-cv-05075-RMP

132996.0004/8790105.2

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

in Complaint Paragraph.

186.  Complaint Paragraph 203 sets forth legal conclusions and quotations from case opinions to which no response is required. To the extent a response is required, Defendants respectfully submit that the opinions should be read for the context in which the alleged quotations appear.

187.  Defendants deny the allegations stated in Complaint Paragraph 204.

188.  Defendants deny the allegations stated in Complaint Paragraph 205.

189.  Defendants deny the allegation stated in Complaint Paragraph 206.

190.  Defendants admit that voters may still have their ballots rejected even after attempting to cure their ballot. Defendant lack information sufficient to admit or deny the remaining allegations in Complaint Paragraph 207 and deny those allegations on that basis.

191.  Defendants lack information sufficient to admit or deny the allegations in Complaint Paragraph 208 and deny those allegations on that basis.

192.  Defendants lack information sufficient to admit or deny the remaining allegations in Complaint Paragraph 209 and deny those allegations on that basis.

193.  Defendants lack information sufficient to admit or deny the remaining allegations in Complaint Paragraph 210 and deny those allegations on that basis.

194.  Complaint Paragraph 211 alleges quotations from a case opinion to which no response is required. To the extent a response is required, Defendants respectfully submit that the opinion should be read for the context in which the alleged quotations appear.

195.  Defendants deny the allegations stated in Complaint Paragraph 212.

196.  Complaint Paragraph 213 states a legal conclusion for which no answer is required. To the extent that any answer is required, Defendants deny all allegations.

197.  Defendants deny the allegations stated in Complaint Paragraph 214.

DEFENDANTS' ANSWER TO PLAINTIFFS'
SECOND AMENDED COMPLAINT - 18
CASE NO. 4:21-cv-05075-RMP

132996.0004/8790105.2

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

198. To the extent that Plaintiffs' Prayer for Relief requires a response, Defendants deny that Plaintiffs are entitled to any relief.

199. To the extent that Plaintiffs' Prayer for Relief requires a response, Defendants deny that Plaintiffs are entitled to any relief.

200. To the extent that Plaintiffs' Prayer for Relief requires a response, Defendants deny that Plaintiffs are entitled to any relief.

201. To the extent that Plaintiffs' Prayer for Relief requires a response, Defendants deny that Plaintiffs are entitled to any relief.

202. To the extent that Plaintiffs' Prayer for Relief requires a response, Defendants deny that Plaintiffs are entitled to any relief.

203. To the extent that Plaintiffs' Prayer for Relief requires a response, Defendants deny that Plaintiffs are entitled to any relief.

204. To the extent that Plaintiffs' Prayer for Relief requires a response, Defendants deny that Plaintiffs are entitled to any relief.

205. To the extent that Plaintiffs' Prayer for Relief requires a response, Defendants deny that Plaintiffs are entitled to any relief.

## II. AFFIRMATIVE DEFENSES

By way of further answer, Defendants set forth the following affirmative defenses.

1. Plaintiffs lack standing to assert the claims set forth in the Complaint.

2. Defendants Brenda Chilton, Andy Miller, Jerome Delvin, Charles Ross, Joseph Brusic, Ron Anderson, Skip Moore, Douglas J. Shae, and Bob Bugert are not proper Defendants and should be dismissed in their official capacities.

3. Plaintiffs have failed to state a claim upon which relief may be granted.

4. Plaintiffs have failed to join necessary parties.

5. Plaintiffs Reyes, Álvarez Lucatero, and Reynoso failed to exhaust available state and administrative remedies.

DEFENDANTS' ANSWER TO PLAINTIFFS'
SECOND AMENDED COMPLAINT - 19
CASE NO. 4:21-cv-05075-RMP

132996.0004/8790105.2

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

Defendants reserve the right to withdraw, amend, or assert additional defenses or affirmative defenses upon discovery of additional facts or as otherwise appropriate as this action proceeds.

### III. PRAYER FOR RELIEF

Having answered the allegations in the Complaint, Defendants respectfully request that judgment be entered in their favor with respect to all claims asserted by Plaintiffs; that Plaintiffs' Complaint be dismissed with prejudice; that the costs of this proceeding, including attorney fees, be assessed against Plaintiffs; and that Defendants be awarded such other and further relief as this Court deems just and equitable.

DATED: December 6, 2021

LANE POWELL PC

By:  *Callie A. Castillo*
Callie A. Castillo, WSBA No. 38214
Devon J. McCurdy, WSBA No. 52663
1420 Fifth Avenue, Suite 4200
P.O. Box 91302
Seattle, Washington 98111-9402
Telephone:  206.223.7000
castilloc@lanepowell.com
mccurdyd@lanepowell.com
Attorneys for Defendants

DEFENDANTS' ANSWER TO PLAINTIFFS'
SECOND AMENDED COMPLAINT - 20
CASE NO. 4:21-cv-05075-RMP

132996.0004/8790105.2

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107