# EXHIBIT A

# SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT is entered into by the Plaintiffs identified below and Defendants Benton County and Chelan County in settlement of *Reyes v. Chilton, et al,* No. 4:21-cv-05075-MKD ("the Lawsuit").

A. **IDENTITY OF PARTIES**

    1. <u>Plaintiffs</u>

        i. Jesse Reyes

        ii. Daniel Reynoso

        iii. League of United Latin American Voters ("LULAC")

        iv. Latin Community Fund ("LCF")

    2. <u>Individual Defendants</u>

The Parties acknowledge that certain officials named in this action as defendants have left office since the Lawsuit began, and therefore their successors automatically assumed their role in the litigation. The individual defendants listed below reflect the current persons holding office:

        i. Brenda Chilton, in her official capacity as Benton County Auditor and Canvassing Review Board Member

        ii. Eric Eisinger, in his official capacity as Benton County Prosecutor and Canvassing Review Board

        iii. Jerome Delvin, in his official capacity as Benton County Canvassing Review Member

        iv. Skip Moore, in his official capacity as Chelan County Auditor and Canvassing Review Board Member

        v. Robert Sealby, in his official capacity as Chelan County Prosecutor and Canvassing Review Board Member

        vi. Tiffany Gering, in her official capacity as Chelan County Canvassing Board Member

    3. <u>Defendants In Interest</u>

Document Ref: NWMTC-CTUHH-ZSD67-5O5UT

The Individual Defendants have been named in this Lawsuit in their official capacities. Accordingly, the Parties agree that the defendants in interest are Benton County and Chelan County (individually "Defendant County" or collectively the "Defendant Counties").

4. Parties

Individually, each Plaintiff and Defendants Benton County and Chelan County constitute a Party to this Settlement Agreement ("Agreement"). Together, the Plaintiffs and Defendant Counties constitute the Parties to the Agreement. Individual Defendants Brenda Chilton and Skip Moore, in their capacities as independently elected county officials, are also signatories to this Agreement in order to effect certain of the settlement terms specified in Section C.

B. RECITALS

1. Plaintiffs filed their Second Amended Complaint against Defendant Counties in the Eastern District of Washington, No. 4:21-CV-05075-MKD, alleging certain violations of the Voting Rights Act, 42 U.S.C. §§ 1983 and 1988, and the First, Fourteenth, and Fifteenth Amendments of the United States Constitution, and seeking declaratory and injunctive relief regarding Defendant Counties' application of Washington's signature verification statutes, RCW 29A.40.110(3) and RCW 29A.60.165(2).

2. Defendant Counties deny that their application of the signature verification statutes violates the Voting Rights Act or the Constitution, and disclaim any liability under the claims made in the Lawsuit.

3. On July 17, 2023, the Parties engaged in mediation with Judge Alexander C. Ekstrom of the Eastern District of Washington. After mediation concluded with Judge Ekstrom, the Parties continued discussions and reached an agreement in principle to settle all claims and causes of action related to the Lawsuit upon the terms and conditions described in this agreement.

4. The Parties notified Judge Dimke of their agreement in principle on August 9, 2023, and stated that they expected to file a stipulated dismissal with prejudice as to Defendant Counties within 30 days.

C. SETTLEMENT TERMS

In consideration of the Plaintiffs dismissing with prejudice the Lawsuit against Defendant Counties,

1. Defendants Chilton and Moore will require signature verification training for county auditor election staff, alternates, and designees every two years. Defendants Chilton and Moore will require their county auditor election staff to receive training before participating in the signature verification process. The training may be offered by the State of Washington, a private entity, or by documented internal county-provided training.

2. Defendants Chilton and Moore shall require cultural competency training for county auditor election staff every two years.

3. Defendants Chilton and Moore shall require their respective county ballot materials to include an insert or language on the ballot security sleeve that describes the signature verification requirement and cure process. The insert or ballot sleeve will also include language that points voters to VoteWA's available processes for checking the status of ballots. The Parties acknowledge that Defendant Counties have already submitted their ballot materials through the November 2023 general election. This provision therefore will not go into effect until the first election to occur in 2024. Plaintiffs acknowledge that Brenda Chilton and Skip Moore will comply with this provision to the extent the terms do not conflict with any future requirements set by the State of Washington or Secretary of State for ballot materials.

4. Each Defendant County website should describe the signature verification requirement and cure process as Benton County currently does.

5. Each Defendant County website should include links to Spanish-language voter registration form and signature update forms.

6. Defendants Chilton and Moore shall require the signature update form used by their election offices to include the following language: "We want to make sure we count your vote. We received your ballot and determined that the signature does not match the signature on the registration file. Please complete and return this form to update your signature on file with the County." Defendants Chilton and Moore will require that the signature update form be provided in English and Spanish. Plaintiffs acknowledge that Brenda Chilton and Skip Moore will comply with this provision to the extent the terms do not conflict

3

with any future requirements set by the State of Washington or Secretary of State regarding required language on the signature update form.

7. Within one week of the effective date of this Agreement or earlier, Defendant Counties will pay $150,000 to Plaintiffs for their attorneys' fees and costs.

8. Within one week of the effective date of this Agreement or earlier, Plaintiffs will dismiss the Lawsuit against each Defendant County with prejudice. Plaintiffs will not seek additional attorneys' fees or costs against Defendant Counties for settling this action.

D. **OTHER TERMS AND CONDITIONS**

1. <u>No Admission of Liability</u>. Defendant Counties deny liability for any and all claims and allegations made in connection with the Lawsuit. The Parties to this Agreement understand that, by execution of this Agreement, Defendant Counties do not acknowledge or admit to any liability, culpability or responsibility for any acts or omissions concerning the subject matter of the Lawsuit, and that this Agreement is entered into solely for the purpose of resolving the dispute without resort to further litigation and is in no way to be construed as, and is in fact not, an admission or agreement as to liability or responsibility by Defendant Counties for any claims, harms or damages alleged by Plaintiffs.

2. <u>Governing Law</u>. This Agreement shall be governed by, construed, and enforced in accordance with the laws of the State of Washington in effect as of the effective date of the Agreement and according to its fair meaning as though prepared by all Parties.

3. <u>Warranty of Authority to Settle</u>. Each of the undersigned has entered into this Agreement voluntarily and not in reliance upon any covenant, representation, warranty, consideration, or inducement not expressly recited herein. Each of the individuals signing this Agreement on behalf of a Party warrants that they have the authority to sign the Agreement and therefore bind the Party on whose behalf they sign.

4. <u>Voluntary Agreement</u>. The Parties represent and declare that they have read and fully understand the terms of this Agreement and its consequences have been completely explained to them by their legal counsel, and they are freely and voluntarily signing this Agreement.

Document Ref: NWMTC-CTUHH-ZSD67-5O5UT

5. <u>Parties Bound</u>. This Agreement shall benefit, and be binding on, the heirs, successors and assigns of the Parties.

6. <u>Amendment</u>. This Agreement may be amended only in writing, mutually executed by all Parties (or their successors-in-interest at the time of the modification).

7. <u>Integration</u>. This written Agreement contains the entire understanding between the Parties in connection with the subject matter, and it supersedes and replaces all prior negotiations, agreements or representations, whether oral or written. Each party acknowledges that no other party, or any agent or attorney of any party, has made any promise, representation or warranty whatsoever, expressed or implied, not contained herein, concerning the subject matter hereof, to induce it to execute this Agreement, and each party acknowledges that it has not executed this document in reliance on any promise, representation or warranty not contained herein.

8. <u>Partial Invalidity</u>. If any provision or any party of any provision of this Agreement is for any reason deemed invalid, unenforceable, or contrary to public policy, law, statute and/or regulation, then the remainder of this Agreement shall not be affected thereby and shall remain valid and fully enforceable.

9. <u>No Construction against Author</u>. This Agreement shall be construed without regard to the person or entity who drafted it, as if all Parties had participated equally in its drafting.

10. <u>Multiple Copies and Facsimile Signatures</u>. This document may be executed in counterparts. Each party may sign an individual signature page. PDFs, electronic signatures, facsimile documents and signature pages shall be tantamount to originals in every respect.

11. <u>Effective Date.</u> This Agreement shall be effective when all Parties to the Agreement have affixed their signature to the document and upon the last date signed.

*Signatures Pages To Follow*

132996.0004/9443049.2

**JESSE REYES**

By: *Jesse Reyes*

Date: 09 / 08 / 2023

**DANIEL REYNOSO**

By:

Date:

**LEAGUE OF UNITED LATIN AMERICAN VOTERS**

By:

Date:

**LATINO COMMUNITY FUND**

By:

Date:

**BENTON COUNTY BOARD OF COMMISSIONERS**

By:

Date:

6

132996.0004/9443049.2

Document Ref: NWMTC-CTUHH-ZSD67-5O5UT

**JESSE REYES**

By: _____

Date: _____

**DANIEL REYNOSO**

By: _____*DRE*_____

Date: __09 / 07 / 2023_____

**LEAGUE OF UNITED LATIN AMERICAN VOTERS**

By: _____

Date: _____

**LATINO COMMUNITY FUND**

By: _____

Date: _____

**BENTON COUNTY BOARD OF COMMISSIONERS**

By: _____

Date: _____

6

**JESSE REYES**

By: _____

Date: _____

**DANIEL REYNOSO**

By: _____

Date: _____

**LEAGUE OF UNITED LATIN AMERICAN VOTERS**

By: *Gabriel Portugal*

Date: 09 / 07 / 2023

**LATINO COMMUNITY FUND**

By: _____

Date: _____

**BENTON COUNTY BOARD OF COMMISSIONERS**

By: _____

Date: _____

6

**JESSE REYES**

By: _____

Date: _____

**DANIEL REYNOSO**

By: _____

Date: _____

**LEAGUE OF UNITED LATIN AMERICAN VOTERS**

By: _____

Date: _____

**LATINO COMMUNITY FUND**

By: *Lilliane Ballesteros*

Date: 09 / 11 / 2023

**BENTON COUNTY BOARD OF COMMISSIONERS**

By: _____

Date: _____

6

**JESSE REYES**

By: _____

Date: _____

**DANIEL REYNOSO**

By: _____

Date: _____

**LEAGUE OF UNITED LATIN AMERICAN VOTERS**

By: _____

Date: _____

**LATINO COMMUNITY FUND**

By: _____

Date: _____

**BENTON COUNTY BOARD OF COMMISSIONERS**

By: _____*[signature]*_____ Will McKay

Date: 9-7-23

6

BRENDA CHILTON, BENTON COUNTY AUDITOR

By: *Brenda Chilton*

Date: 09/07/2023

CHELAN COUNTY BOARD OF COMMISSIONERS

By: _____

Date: _____

SKIP MOORE, CHELAN COUNTY AUDITOR

By: _____

Date: _____

**BRENDA CHILTON, BENTON COUNTY AUDITOR**

By: _____

Date: _____

**CHELAN COUNTY BOARD OF COMMISSIONERS**

By: *Tiffany Gering* (signature)

Date: 9/12/23

**SKIP MOORE, CHELAN COUNTY AUDITOR**

By: *Skip Moore* (signature)

Date: 9/11/23

7